UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
*ex rel.* CYNTHIA O. SCHELL,

       Plaintiff,

v.

BATTLE CREEK HEALTH SYSTEM,

       Defendant.
_____/

File No.  1:00-CV-143

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

    This is a *qui tam* action filed by Relator Cynthia O. Schell alleging that Defendant Battle Creek Health System violated the False Claims Act (FCA), 31 U.S.C. § 3729-3733.[1] This case was originally filed in 2000.  The central allegation in this case is that Defendant violated the FCA by charging Medicare for entire multi-dose vials of anesthetic medication when less than the full vial of medication was administered to a patient.  On February 25, 2004, the Court granted Defendant's motion for summary judgment holding that Relator failed to produce evidence that Defendant's billing practices resulted in increased expense to Medicare.  An appeal of the case followed.  On August 22, 2005, the Sixth Circuit reversed the Court's entry of summary judgment and remanded the case for further

---

[1] On February 15, 2006, the Court granted Cynthia O. Schell's motion for substitution of parties, substituting Ms. Schell as plaintiff/relator for Thomas Schell.  *See* Docket # 158.

proceedings. This case is scheduled for jury trial commencing March 20, 2006 before this Court. Now before the Court is Defendant's second motion for summary judgment on Relator's claim.

Defendant seeks summary judgment on two issues. First, Defendant argues that Relator has failed to demonstrate that there is a genuine issue of fact as to, so-called "bad debt payments." Further, Defendant contends that bad debt payments are wholly irrelevant to liability under the FCA. Second, Defendant disputes the genuine issue of material fact identified by the Sixth Circuit in its opinion reversing this Court's entry of summary judgment. *See United States ex rel. Schell v. Battle Creek Health System*, 419 F.3d 535 (6th Cir. 2005).

The Court will address the second issue first. The Sixth Circuit held that summary judgment was improper because there were genuine issues of material fact as to how Defendant billed Medicare for anesthesia medications and whether Defendant's billing practices resulted in increased costs to Medicare. *Battle Creek Health System*, 419 F.3d at 540-41. In accordance with the Sixth Circuit's opinion in this case, the Court has set this matter for trial before a jury. Defendant, however, appears to seek a ruling that is directly contrary to the Sixth Circuit's decision in this matter. This Court is precluded from taking such action by the law of the case and mandate rule. *See United States v. O'Dell*, 320 F.3d 674, 679 (6th Cir. 2003) ("The mandate rule 'compels compliance on remand with the dictates of the superior court and forecloses relitigation of issues expressly or *impliedly*

decided by the appellate court.'") (quoting *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001) (emphasis in original)); *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994) ("Upon remand of a case for further proceedings after a decision by the appellate court, the trial court must 'proceed in accordance with the mandate and the law of the case as established on appeal.' The trial court must 'implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.'") (quoting *United States v. Kikumura*, 947 F.2d 72, 76 (3d Cir. 1991) (citations omitted)); *Miles v. Kohli & Kaliher Assoc., Ltd.*, 917 F.2d 235, 241 (6th Cir. 1990) ("The 'law of the case' doctrine holds that once an appellate court has ruled on a particular issue, absent exigent circumstances, the ruling is final and must be followed by the district court on remand."). Accordingly, Defendant's motion for summary judgment is denied.

Defendant also requests summary judgment on the issue of bad debt payments from Medicare.[2] Defendant contends that summary judgment is appropriate on this issue because bad debt payments are irrelevant to liability under the FCA. The Sixth Circuit discussed this issue in its opinion. The Sixth Circuit held that in light of the issues of fact raised regarding Defendant's billing practices, "we conclude that the district court should reconsider the issue of bad-debt payments on remand." *Battle Creek Health System*, 419 F.3d at 542. As the

---

[2]"Bad debt payments" apparently refers to instances in which Medicare reimbursed the hospital when an outpatient failed to pay his or her co-payment and the hospital engaged in sufficient efforts to collect the debt. *See* Def.'s Mot. Summ. J. at 9; *Battle Creek Health System*, 419 F.3d at 542 n. 5.

Sixth Circuit directed, the Court will reconsider the issue of bad debt payments. *See e.g.*, *O'Dell*, 320 F.3d at 679 ("[A] district court is bound to the scope of the remand issued by the court of appeals.") (quoting *United States v. Campell*, 168 F.3d 263, 265 (6th Cir. 1999))  At trial, Relator will have the burden of proving that Defendant is liable under the FCA.  This will include the burden of demonstrating the relevance, if any, of bad debt payments.  During the trial proceeding, the Court will assess the relevance of bad debt payments to Relator's FCA claim.  Therefore, Defendant's motion for summary judgment is denied.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant Battle Creek Health System's motion for summary judgment (Docket #150) is **DENIED**.

Date:   February 15, 2006            /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE